**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Daniel Rosas Leyva, | No. CV-24-00684-PHX-KML |
| Plaintiff, | **ORDER** |
| v. | |
| United States of America, | |
| Defendant. | |

Plaintiff Daniel Rosas Leyva seeks an extension of a deadline that expired almost seven months ago. Leyva has not established good cause or excusable neglect, so his request is denied.

## BACKGROUND

Leyva filed his complaint on March 28, 2024. (Doc. 1.) In early September 2024, the parties filed their Rule 26(f) Case Management Report. (Doc. 14.) The parties proposed February 28, 2025, as the deadline for Levya's expert disclosures. (Doc. 14 at 6.) The court accepted that date in the original scheduling order. (Doc. 15 at 3.) Leyva then waited until that February 28, 2025, deadline to file a motion seeking a four-month extension. (Doc. 19 at 2.) The court granted the motion, setting Leyva's expert disclosures deadline for June 30, 2025. (Doc. 20 at 3.) The court cautioned that "additional extensions must be supported by extraordinary circumstances." (Doc. 20 at 1.)

On August 6, 2025—one month after Leyva should have completed his expert disclosures—the parties requested extensions of the case management deadlines, including

an extension of Leyva's expired expert disclosures deadline. (Doc. 27.) The court granted that request, setting Leyva's expert disclosure deadline as September 2, 2025. But again, the court cautioned the parties that "no further extensions will be granted absent extraordinary circumstances." (Doc. 29 at 1.)

The September 2, 2025, deadline expired without Leyva disclosing any expert. The case was stayed from October 1 to November 20, 2025, due to the government shutdown. (Docs. 31, 33.) After the shutdown ended, the parties proposed new case management dates but did not propose an extension of Levya's expired September 2 expert deadline. (Doc. 32.) On November 20, 2025, the court noted the parties' proposed dates reflected a belief that "the 43-day shutdown merit[ed] an extension of 133 days." (Doc. 33 at 2.) The court rejected the proposed dates and granted extensions reflecting the length of the government shutdown. The extensions meant dispositive motions are due April 13, 2026. The court warned the parties for a third time that the deadlines would not be extended absent extraordinary circumstances. (Doc. 33 at 2.)

The parties did not file anything of substance from November 2025 to March 2026. On March 3, 2026, Leyva filed a motion to extend his expert disclosure deadline. (Doc. 44.) That motion incorrectly identified the deadline as expiring on September 30, 2025, instead of the correct date, September 2, 2025. (Doc. 44 at 1.) And the motion argues an extension is appropriate because, in general, Leyva has experienced difficulties with discovery. The motion does not provide any meaningful explanation why Leyva's counsel waited until six months after the deadline expired to seek relief. The United States opposes the extension. (Doc. 47.)

**ANALYSIS**

As the party seeking to amend a case management deadline, Leyva must meet "Rule 16(b)'s 'good cause' standard [that] primarily considers the diligence of the party seeking the amendment." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). If the party "was not diligent, the inquiry should end." *Id.* Leyva argues he has been diligent such that "good cause exists." But Leyva argues in the alternative that he is entitled

- 2 -

to relief under the "excusable neglect" standard derived from Fed. R. Civ. P. 6(b)(1)(B) for granting extensions after a deadline expires. (Doc. 44 at 6.)

Courts disagree whether "excusable neglect" is relevant in the context of a request to amend a scheduling order after a deadline has passed. *Compare MacDonald v. Metro. Transit Sys.*, No. 12CV1785-WQH BGS, 2013 WL 1828588, at \*4 (S.D. Cal. Apr. 30, 2013) ("Plaintiff is incorrect in asserting that a request to modify a schedule is governed by the excusable neglect standard."); *Burns v. Koudelka Transp. LLC*, 754 F. Supp. 3d 1014, 1024 (D. Idaho 2024) (once deadline expires party must show "not only good cause" but also "excusable neglect.") (simplified). But in this case, Leyva is not entitled to relief regardless of the applicable standard.

Beginning with "good cause" and its focus on diligence, discovery began in September 2024. (Doc. 15.) Leyva's current motion makes no attempt to show he was diligent beginning at that time. Leyva seems to argue he could not provide expert disclosures until he conducted certain depositions, and he claims those depositions "were delayed for months by circumstances beyond [his] control." (Doc. 48 at 2.) But Leyva first noticed those depositions for August 2025. In other words, Leyva waited until one month before the twice-extended September 2025 expert disclosures deadline to even attempt to notice crucial depositions. He provides no explanation for waiting a full year to pursue the allegedly-crucial depositions.

Instead of explaining his behavior beginning in September 2024, Leyva focuses on events after his September 2, 2025, deadline had expired. Leyva argues the government shutdown in October 2025 somehow impacted his ability to disclose an expert. But his deadline expired before the shutdown began, so this excuse is not convincing. Leyva also argues depositions he was able to take in March 2026 show additional evidence might exist, apparently believing he should be given time to locate that evidence and then additional time for his expert to consider that evidence before completing a disclosure. But even assuming the March 2026 depositions established a need for an expert, the diligence contemplated by Rule 16 is diligence for the entire period leading up to the deadline, not

merely diligence beginning at the very end of the discovery period. *See Burris v. JPMorgan Chase & Co.*, 566 F. Supp. 3d 995, 1006 (D. Ariz. 2021), *aff'd*, No. 21-16852, 2024 WL 1672263 (9th Cir. Apr. 18, 2024). Leyva has not shown diligence for almost a full year after discovery began and he has not shown good cause exists to modify the scheduling order.

Assuming the "excusable neglect" standard provides an alternative path for Leyva to obtain relief, that standard requires consideration of four factors: "(1) the danger of prejudice to the non-moving party, (2) the length of delay and its potential impact on judicial proceedings, (3) the reason for the delay, including whether it was within the reasonable control of the movant, and (4) whether the moving party's conduct was in good faith." *Pincay v. Andrews*, 389 F.3d 853, 855 (9th Cir. 2004). No one factor is dispositive and "[the determination of whether a party's neglect is excusable is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." *Briones v. Riviera Hotel & Casino*, 116 F.3d 379, 382 (9th Cir. 1997) (simplified).

As of now, the case has been pending for two years, the expert deadline expired seven months ago, fact discovery is closed, and dispositive motions are due in two weeks. Allowing Leyva to disclose an expert would effectively require the discovery period to begin again. Leyva believes additional fact discovery should be completed—although the deadline for that discovery has also expired—and that fact discovery is needed for Leyva to complete his expert disclosure. If the court were to reopen fact discovery and reopen expert discovery, the United States would need time to assess Leyva's expert disclosure and determine whether to locate its own expert. And the parties would then need time to conduct expert depositions. The dispositive motion deadline in two weeks would have to be set out for months. Allowing Leyva to start discovery anew would be prejudicial to the United States and the first "excusable neglect" factor weighs granting relief.

The second factor regarding length of delay weighs heavily against excusable neglect. A delay of six months is extreme, and Leyva's counsel has not offered any convincing explanation for his behavior. It was within counsel's control whether to comply

- 4 -

with the deadline or, at the very least, it was within his control whether to raise the need for an extension much earlier. The failure to comply with the applicable deadline is particularly troublesome in this case, where the court has warned the parties three times that additional extensions of deadlines would require extraordinary circumstances. Instead of accepting that, Leyva's counsel inexplicably waited six months after his expert disclosure deadline to file his motion. Finally, there is no evidence of bad faith but that alone does not justify granting relief.

On balance, the length of delay is extreme and requiring discovery begin again would prejudice the United States. Leyva has not established "excusable neglect" sufficient to amend the scheduling order.[1]

**IT IS ORDERED** the Motion for Extension (Doc. 44) is **DENIED**.

**IT IS FURTHER ORDERED** the unauthorized surreply (Doc. 49) is **STRICKEN**.

**IT IS FURTHER ORDERED** all current deadlines are affirmed.

Dated this 31st day of March, 2026.

_Krissa M. Lanham_
**Honorable Krissa M. Lanham**
**United States District Judge**

---

[1] There is a third possible standard the Ninth Circuit has described as applying to requests to "reopen discovery." *City of Pomona v. SQM N. Am. Corp.*, 866 F.3d 1060, 1066 (9th Cir. 2017). That standard requires consideration of six factors, one of which is "whether the moving party was diligent in obtaining discovery within the guidelines established by the court." *Id.* (simplified). District courts tend to focus on this diligence factor. *See Taber v. Cascade Designs, Inc.*, No. 2:20-CV-01633-TL-BAT, 2023 WL 11831878, at *2 (W.D. Wash. May 10, 2023). To the extent applicable, the court has considered the factors listed in *City of Pomona* and determined relief is not appropriate. Trial is not imminent but Leyva's request is opposed, the United States would be prejudiced, Leyva was granted ample time to conduct the discovery necessary for this case, and it is unlikely the additional discovery will lead to crucial evidence.