**WO**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

Daniel Rosas Leyva,

Plaintiff,

v.

United States of America,

Defendant.

No. CV-24-00684-PHX-KML

**ORDER**

On July 31, 2026, plaintiff Daniel Rosas Leyva filed a motion seeking "to attend the trial . . . [and] to present his trial testimony in open court by contemporaneous video transmission from Mexico." (Doc. 57 at 1.) Defendant did not file an opposition.

Federal Rule of Civil Procedure 43(a) requires testimony be taken in open court but "[f]or good cause in compelling circumstances and with appropriate safeguards, the court may permit testimony in open court by contemporaneous transmission from a different location." "The primary purposes of [requiring in-court testimony] are to ensure that the accuracy of witness statements may be tested by cross-examination and to allow the trier of fact to observe the appearance and demeanor of the witnesses." *In re Adair*, 965 F.2d 777, 780 (9th Cir. 1992). Permitting Leyva to testify via video in this bench trial will allow for effective cross-examination and observation of demeanor. In addition, Leyva is unable to attend the trial in person because the government will not permit him to enter the country. These circumstances establish video testimony is appropriate and his motion is granted.

Leyva's motion references his deposition occurred through a Spanish interpreter.

(Doc. 57 at 2.) By statute, the court may provide interpreter services only "in judicial proceedings instituted by the United States," 18 U.S.C. § 1827(d)(1), or in other situations that do not apply here, such as when a witness "suffers from a hearing impairment," 18 U.S.C. § 1827(l). If Leyva plans to present his testimony in Spanish, he is required to provide a certified interpreter at his own expense. *Ali v. Gerry*, No. 12-CV-185-JL, 2012 WL 4848889, at *2 (D.N.H. Oct. 10, 2012) ("There is no constitutional right to free interpreter services in federal civil cases."). That interpreter must be present in the courtroom for presentation of Leyva's testimony. If Leyva wishes to observe other portions of trial via videoconference, he must arrange for his own interpretation in a manner that does not impact the trial in the courtroom. The court will send a list of certified interpreters via email.

**IT IS ORDERED** the Motion (Doc. 57) is **GRANTED**.

**IT IS FURTHER ORDERED** plaintiff shall retain a certified interpreter to provide interpreter services during his testimony.

Dated this 19th day of August, 2026.

**Honorable Krissa M. Lanham**
**United States District Judge**